# EXHIBIT A

# EXHIBIT A

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
abacon@attorneysforconsumers.com
Attorneys for Plaintiff

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

02/29/2016 at 10:12:58 AM
Clerk of the Superior Court
By Truemy Vu, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF ORANGE
## LIMITED JURISDICTION

HEMIL SHETH,

Plaintiff,

vs.

I.Q. DATA INTERNATIONAL, INC.,

Defendant.

)
) Case No. 30-2016-00837982-CL-NP-CJC
)
) (Amount not to exceed $10,000)
)
) 1. Violation of Rosenthal Federal
)    Fair Debt Collection Practices Act
)
) 2. Violation of Fair Debt Collection Practices
)    Act
)
)
)
)

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. PARTIES

Complaint - 1

2. Plaintiff, Hemil Sheth ("Plaintiff"), is a natural person residing in ORANGE County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3. At all relevant times herein, Defendant, I.Q. Data International, Inc. ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

### III. FACTUAL ALLEGATIONS

4. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

5. On or about April of 2015, Defendant began contacting Plaintiff regarding on alleged debt owed. Defendant was attempting to collect from Plaintiff an alleged debt that Plaintiff had already paid to Fair Collections & Outsourcing, Inc. Plaintiff is in possession of the letter wherein Fair Collection & Outsourcing, Inc. released Plaintiff from any and all obligation to further pay on the account #3727366. The aforementioned letter reads, in pertinent part:

> **This office accepted a settlement for $77.00 on your account. Therefore, this account has been closed in our office as settled. If any credit bureau notified of this account they will be advised to update the account as settled.**

6. By taking the aforementioned action, Defendant is attempting to collect an alleged debt that Plaintiff does not owe. Defendant has also falsely represented the status and character of the alleged debt owed. Such actions are prohibited by California and federal law.

7. On June 1, 2015, Plaintiff's counsel sent a notice of representation to Defendant.

8. DEFENDANT'S conduct violated the RFDCPA and FDCPA in multiple ways, including but not limited to:

   a) Falsely representing the character, amount, or legal status of Plaintiff's debt (§ 1692e(2)(A));

   b) Communicating or threatening to communicate credit information which is known or which should be known to be false (§ 1692e(8));

   c) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§ 1692e(10));

   d) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f));

   e) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§ 1692f(1)); and

   f) Collecting an amount from Plaintiff that is not permitted by law (§ 1692f(1)).

9. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

10. PLAINTIFF reincorporates by reference all of the preceding paragraphs.

11. To the extent that DEFENDANT'S actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that judgment be entered against DEFENDANT for the following:

    A.    Actual damages;
    B.    Statutory damages for willful and negligent violations;
    C.    Costs and reasonable attorney's fees,
    D.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

12.    PLAINTIFF reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that judgment be entered against DEFENDANT for the following:

    A.    Actual damages;
    B.    Statutory damages;
    C.    Costs and reasonable attorney's fees; and,
    D.    For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 29th day of February, 2016.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff